IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE BRIGHAM, #4056-177,   Petitioner, | § § § | |
| v. | § § | CIVIL NO. 3:14-CV-4240-O-BK           (3:12-CR-0175-O-33) |
| UNITED STATES OF AMERICA,   Respondent. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to conspiracy to distribute a controlled substance and was sentenced to the statutory minimum sentence of 120 months' imprisonment and a five-year term of supervised release. Crim. Doc. 1018 at 2; Crim. Doc. 1219. He did not appeal. In this timely section 2255 motion, Petitioner asserts his guilty plea was induced by false promises, he was prosecuted in violation of the Double Jeopardy Clause, and counsel rendered ineffective assistance. Doc. 4.[1] The government argues the section 2255 motion lacks merit. Doc. 7. Petitioner has not filed a reply.

---

[1] In December 2014, the Court liberally construed Petitioner's *pro se* correspondence as a first section 2255 motion and granted leave to amend in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003). Doc. 1; Doc. 2.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner "stands fairly and finally convicted." *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Guilty Plea Induced by False Promises (Claim 1)

Petitioner asserts his guilty plea was induced by promises made at re-arraignment by both defense counsel and counsel for the government that (1) Petitioner would be held accountable for the drug quantity directly linked to him (not drug quantities relevant to the overall conspiracy), and (2) he would receive credit for 20 months served in state custody on a related conviction. Doc. 4 at 7.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007). However, a guilty plea may be rendered invalid if it was induced by defense counsel's unkept promises. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)).  To obtain habeas relief on the basis of a broken promise, the defendant is required to establish "(1) the exact terms of the alleged promise, (2) exactly

when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d 1106, 1110.

Here, Petitioner's claim that his guilty plea was involuntary because it was based on counsel's unkept promises lacks support. At rearraignment, defense counsel explained to the Court the following <u>nonbinding</u> understanding between the parties: (1) that the government expected the drug guideline calculation would be based only on Petitioner's conduct, (2) that the government anticipated filing a motion for downward departure, recommending a downward departure of at least a five offense levels, and (3) that defense counsel intended to request credit for the 20 months Petitioner had already served in state custody on a related offense. Crim. Doc. 1420 at 38-39. The AUSA agreed that defense counsel's representations were correct. Crim. Doc. 1420 at 39. Petitioner also assured the Court that counsel's representations were accurate, but that he understood that the agreement was not binding on the Court and no one had made any other assurances to cause him to enter into the plea agreement. Crim. Doc. 1420 at 39-40.

A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes*, 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly). In the instant case, Petitioner also confirmed that no one had coerced or threatened him in any way to enter the guilty plea, and that he was pleading guilty freely and voluntarily. Crim. Doc. 1420 at 13, 41, 48-52. He averred that he understood his

constitutional rights and the consequences of his guilty plea, and that he was fully satisfied with his counsel's representations. Crim. Doc. 1420 at 10-13, 35.

A review of the record reveals that counsel followed through on the promises made at re-arraignment. In the Presentence Report (PSR), only the 0.27 grams of crack cocaine that Petitioner possessed with intent to distribute was used in the calculation of his Base Offense Level. Crim. Doc. 1137-1 at 6, 8, ¶ 16-17, 27. The government also filed a motion for downward departure, requesting a five-level departure, which the Court granted at sentencing. Crim. Doc. 1185 (sealed motion); Crim. Doc. 1421 at 4. Moreover, at sentencing, defense counsel requested credit on the federal sentence for the 20 months Petitioner previously served in jail for a related state offense. Crim. Doc. 1421 at 5, 11-13. Although the Court did not expressly address the time-served request at sentencing, as outlined above, Petitioner understood that his understanding with counsel for the government and defendant counsel was not binding on the Court. That being the case, he could not have relied any promise that the Court would actually grant defense counsel's request for the credit. The Court subsequently construed Petitioner's *pro se* motion requesting time-served credit (submitted a few months after sentencing) to raise a habeas claim under 28 U.S.C. § 2241. Crim. Doc. 1306. *See Brigham v. Batts*, No. 3:14-CV-1418-O-BK, 2014 WL 3893908 (N.D. Tex. 2014) (accepting recommendation and dismissing time-credit request without prejudice for failure to exhaust administrative remedies).

Based on the above, the Court concludes that Petitioner's plea was not induced by any unkept promises, and that it was made voluntarily and with the full understanding that the parties' recommendations were not binding on the Court. Accordingly, the first claim fails.

### B.  Double Jeopardy (Claim 2)

Next, Petitioner asserts that he was prosecuted by both state and federal authorities for the same offense in violation of the Double Jeopardy Clause. Doc. 4 at 7. Having failed to raise this claim in the district court or on direct appeal, the Court agrees with the government that it is procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Petitioner has shown no reason to excuse his procedural default. Nonetheless, his double jeopardy claim fails. Under the dual sovereignty doctrine, "an act of a defendant may be made a crime under both federal and state laws, and the defendant may be punished by each sovereign for the same act without offending the Double Jeopardy Clause. *United States v. Patterson*, 809 F.2d 244, 247 (5th Cir. 1987) (citing *Abbate v. United States*, 359 U.S. 187, 195 (1959)). Furthermore, Petitioner has not alleged that his prosecution was a "sham prosecution" justifying a rare exception to the doctrine of dual sovereignty. *United States v. Angleton*, 314 F.3d 767, 772-774 (5th Cir. 2002). Accordingly, the second claim has no merit.

### C.  Ineffective Assistance of Counsel (Claim 3)

Lastly, Petitioner asserts counsel rendered ineffective assistance in failing to "attack the breach of agreement." Doc. 4 at 7.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure

of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Petitioner's assertion that defense counsel "did not advise [him] right" and failed to challenge the "breach of agreement" is belied by the record. Doc. 4 at 7. As noted previously, defense counsel and counsel for the government followed through on all assurances made at re-arraignment. Consequently, defense counsel's failure to raise an objection regarding the purported breach did not fall below an objective standard of reasonableness. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Additionally, counsel effectively argued for a downward variance (in addition to the government's request for downward departure of five levels), which resulted in a 120-month sentence (less than half the guideline range) despite Petitioner's career offender status. Crim. Doc. 1137-1 at 8 ¶ 33, and at 19 ¶ 76. Crim. Doc. 1421 at 6-10, 11-12.

Based on the above, the Court concludes that Petitioner cannot meet the deficient performance and prejudice prongs under *Strickland*, and that his claim of ineffective assistance of counsel should be denied.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be **DENIED**.

SIGNED this November 24, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE